## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDDIE HAROLD BILLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1037-JMS-TAB |
| | ) | |
| DUDLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

The plaintiff sues a Johnson County judge and prosecuting attorney, and perhaps the Jail Division of the Johnson County Sheriff's Department, alleging that he was wronged by these defendants in "approx[imately the] year 2000." Precisely what the defendants did which was wrongful is unclear, just as is the relief the plaintiff seeks. When asked to clarify this by stating a plausible claim against each of the defendants, and having also been informed of what is required to state a plausible claim, the plaintiff demurred, referring only to his complaint.

It is apparent that the plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and that any claim he had based on conduct occurring in 2000 has long since become time-barred under Indiana's 2-year statute of limitations. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE ' 34-1-2-2) applies to § 1983 claims.") (citing *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995)). Despite the high standard for dismissal, when a plaintiff @pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993).

The complaint thus fails to state a claim upon which relief can be granted. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not

entitled to relief."); *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008)(a complaint falls within this category if it "alleg[es] facts that show there is no viable claim@).

## II.

The dismissal of the action pursuant to 28 U.S.C. § 1915(e)(2)(B) is now mandatory.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/26/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Eddie Harold Billings, Jr.
403 N. Rural Street
Indianapolis, IN 46201**